IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**DENNIS P. BRADY,**

    **Plaintiff,**

v.                                      Case No. 2:18-cv-01268

**THE DOW CHEMICAL COMPANY
RETIREMENT BOARD,** *et al.*,

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned for initial proceedings and the submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b).  Pending before the court is the defendants' Motion to Dismiss (ECF No. 7).

### PROCEDURAL HISTORY

According to the Complaint, the plaintiff is a participant in the Union Carbide Employee's Pension Plan ("the Plan"), which the parties agree is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1024.  The Complaint alleges that, on May 3, 2013, the plaintiff made a written request to the Dow Chemical Company Retirement Board ("the Board") for a copy of the Plan and Summary Plan Description ("SPD").  However, the Board failed to respond to the plaintiff's request.

By letter dated August 24, 2017, the plaintiff again made the same request to the Board. On August 31, 2017, the Board provided copies of the Plan documents to the plaintiff. On March 7, 2018, the plaintiff sent a demand letter requesting an award of $110 per day for the 1,550 days that the plaintiff was not provided with the documentation after the 30-day deadline contained in 29 U.S.C. § 1132(c)(1). Thus, the plaintiff sought a total of $170,500. The instant Complaint contains one count seeking only the above monetary penalties under 29 U.S.C. § 1132(c)(1) based upon the Board's failure to timely respond to his written requests for the Plan documents.

On October 29, 2018, the defendant filed the instant Motion to Dismiss (ECF No. 7) and Memorandum of Law in support thereof (ECF No. 8), asserting that the plaintiff's Complaint is time-barred.[1] On November 11, 2018, the plaintiff filed a Response to the Motion to Dismiss (ECF No. 9), and, on November 20, 2018, the defendant filed a Reply (ECF No. 11). This matter is ripe for adjudication.

## **STANDARD OF REVIEW**

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

---

[1] The plaintiff's Response suggests that the defendant did not timely serve its Motion to Dismiss on him. However, it is evident from the docket sheet that the Motion to Dismiss is a timely responsive pleading. Thus, the undersigned believes the plaintiff's assertion warrants no further discussion.

2

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* at 678.

## **ANALYSIS**

As noted by the defendants, Sections 502(a)(1)(A) and 502(c)(1)(B) of ERISA [29 U.S.C. §§ 1132(a)(1)(A) and 1132(c)(1)(B)], authorize participants in a covered benefit plan to file a civil action to recover monetary penalties when the plan administrator fails to comply with a request for certain plan information[2] as follows:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary . . . by mailing the material as requested to the

---

[2] The ERISA statute expressly states that the following information must be provided by a plan administrator upon written request: the latest updated SPD, the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. *See* 29 U.S.C. § 1024(b)(4).

> last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100[3] a day from the date of such failure or refusal.

29 U.S.C. § 1132(c)(1)(B).

The defendants' motion asserts that, although ERISA does not include a statute of limitations for filing claims for such civil penalties, as a matter of common law, district courts apply the limitations period under state law for the respective jurisdiction that is most closely analogous to such claims. As noted by the defendant, the Fourth Circuit has held that state law claims for civil penalties or forfeiture are most analogous to ERISA statutory penalty claims. *Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 337 (4th Cir. 2009).

West Virginia, however, does not have a specific statute of limitations for actions to recover statutory penalties. Thus, the most analogous statute of limitations is found in West Virginia Code § 55-2-12(c), which states in pertinent part:

> Every personal action for which no limitation is otherwise prescribed shall be brought . . . within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature, that in case a party die, it could not have been brought at common law by or against his representative.

W. Va. Code § 55-2-12(c) (emphasis added). The Supreme Court of Appeals of West Virginia has held that this section "should be applied to statutory penalties in general, where no statute specifically provides otherwise." *State ex rel. Sabatino v. Richards*, 34 S.E.2d 271, 272 (W. Va. 1945).

---

[3] Although the statute states that the penalty is $100 per day, by regulation, the Department of Labor increased the maximum penalty to $110 per day for any violation that occurred after July 29, 1997. *See* 29 C.F.R. § 2575.501c-1.

Moreover, the defendants assert that this United States District Court has previously applied the one-year statute of limitations under W. Va. Code § 55-2-12(c) to claims, such as the plaintiff's, for civil penalties under ERISA. *See, e.g., Harvey v. Mingo Logan Coal Co.*, 274 F. Supp.2d 791, 795 (S.D. W. Va. 2003)[4], *aff'd* 104 F. App'x 838 (4th Cir. 2004); *Frye v. Metro. Life Ins. Co.*, No. 3:10-cv-00107, 2010 U.S. Dist. LEXIS 134565, at *46 (S.D. W. Va. Dec. 20, 2010) ("the Court applies § 55-2-12(c)'s one-year limitations period to the instant claim under 29 U.S.C. § 1132(c)(2)."). Consequently, the defendants assert that the statute of limitations for the plaintiff's claim for civil penalties under 29 U.S.C. § 1132(c) expired one year after the end of the 30-day response period set forth therein, which was on or about June 2, 2014. The plaintiff's Complaint, however, was filed more than four years later. Accordingly, the defendants contend that the Complaint is time-barred.

The plaintiff's Response, on the other hand, asserts that his case is most closely analogous to a claim for a breach of fiduciary duties, which carries a 10-year statute of limitations under West Virginia law. Specifically, he claims as follows:

> However, under "common law" principles that apply when courts interpret ERISA fiduciary rules, plan sponsors have a duty to inform participants of facts that the plan sponsor knows, but that the participant does not readily know, in order for the participant to proceed appropriately. Here, in the SPD itself, the Defendants clearly did not inform any participants, including the Plaintiff, of any specific time-limitation for filing a claim for failure to provide plan documents. In fact, Plaintiff was misled, because Defendants discussed limits in the *Legal Limits on Benefits* section in the SPD but never mentioned any such limits in the *Enforce Your Rights* section which discusses the $110 a day award. Defendants even fail to indicate what constitutes a "plan administrator" or that "claims are to be filed only against

---

[4] The undersigned notes that, in *Harvey*, the district court was considering a claim under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166(a)(4)(A), which is a part of ERISA. Because Harvey's claims concerned the right to continued health insurance coverage, as well as a claim for an alleged violation under § 1132(c), the court relied upon the statute of limitations for unfair insurance related practices, which also falls under the one-year limitation contained in W. Va. Code § 55-2-12(c). 274 F. Supp.2d at 795.

> plan administrators," stating only that "you may file in a state or federal court."

(ECF No. 9 at 3). The plaintiff further contends that the defendant has a history of "not publishing a proper SPD." (*Id.*)

The plaintiff further attempts to distinguish the case law cited by the defendant, stating:

> Defendants next jump to a 1-year statute of limitations based on their reasoning in various cases, but fail to point out that those cases are either distinguishable from this action as to nature of the applicable respective case's statute violation, or that the Court simply indicated that a one-year general "catchall" limitation period may be applied to 29 U.S.C. § 1132(c)(1) actions where there is otherwise no analogous statutory limitations. In fact, when Defendants cite both *Harvey* and *Frye*, they fail to point out that the Court in *Frye* indicated that *Harvey* is not exactly "on point." *Frye* goes on to point out that, "In this case, the parties have not pointed to a specific West Virginia statute of limitations for civil penalty or forfeiture claims.

(*Id.* at 4). The plaintiff then asserts that other courts have applied the limitations period for breach of fiduciary duties. *See, e.g., Hatteburg v. Red Adair Co. Emp. Profit Sharing Plan*, 79 F. App'x 709 (5th Cir. 2003) (applying the Texas statute of limitations for breach of fiduciary duty actions for plan administrator's failure to provide beneficiary with requested information). (*Id.*) As further noted by the plaintiff in his Response, West Virginia's statute of limitations for breach of fiduciary duty actions is 10 years. *See* W. Va. Code § 55-2-6. Thus, he contends that the applicable statute of limitations is 10 years and that his claim is clearly timely thereunder.

The plaintiff's Response further asserts that his claim should be considered timely using a continuing violation theory, asserting that the cause of action arose each day that the defendants failed to provide the requested documents. (*Id.* at 5). He further contends, for the first time in this matter, that the Board failed to provide some of the requested documents when it responded on August 31, 2017. However, the Complaint fails to allege

6

that the plaintiff did not receive required documents on that date.

The defendants' Reply disputes the applicability of the fiduciary duty statute of limitations and asserts that consideration thereof would constitute an unauthorized and meritless amendment of the Complaint to include a breach of fiduciary duty claim, which is not contemplated by the plaintiff's claim under section 1132(c). The Reply states in pertinent part:

> In opposing defendants' motion to dismiss, Plaintiff improperly attempts to amend his Complaint to state a claim for breach of fiduciary duty under section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)). Procedurally, this Plaintiff may not do so, as he seeks relief in the Complaint only under section 502(c) (and derivative attorney fees under 502(g)). The federal common law of ERISA in this District applies the one-year statute of limitations to such claims.
>
> Any attempt to amend Plaintiff's Complaint to state a claim for relief under sections 502(a)(2) or (3) would be futile. A section 502(a)(2) claim may be brought only on behalf of the Plan. And the federal common law of ERISA precludes relief under the general catch-all provisions of section 502(a)(3) when other, more specific provisions of ERISA provide that same relief. Because sections 502(a)(1)(A) and (c) of ERISA (29 U.S.C. §§ 1132(a)(1)(A) and (c)) govern Plaintiff's allegations, any attempt to amend the Complaint would be futile.

(ECF No. 10 at 2).

The defendants further contend that the plaintiff's cause of action accrued when he knew or should have known that he had a cause of action under section 1132(a), which was upon the expiration of the 30-day response period. Thus, they assert that the plaintiff erroneously relies upon a continuing violation theory. *See, e.g., Underwood v. Fluor Daniel, Inc.*, 106 F.3d 394, 1997 WL 32123, *5 (4th Cir. 1997) (claim under 29 U.S.C. § 1132(c)(1) accrued when plaintiff discovered, or reasonably should have discovered, legal entitlement); *Shofer v. Hack Co.*, 970 F.2d 1316, 1319 (4th Cir. 1992) (ERISA breach of non-fiduciary duty claim accrued when the plaintiff had notice of breach); *see also Miller*

7

*v. Fortis Benefits Ins. Co.*, 475 F,3d 516, 522 (3d Cir. 2007) (declining "to adopt a 'continuing violation theory' whereby a new cause of action would accrue upon each underpayment of benefits owed under the plan"); *Edes v. Verizon Commc'ns, Inc.*, 417 F.3d 133 (1st Cir. 2005) (affirming that ERISA claim was time-barred and rejecting "continuing tort" theory). (ECF No. 10 at 6-7).

The potentially relevant civil enforcement provisions of ERISA, which are contained in section 502(a) [29 U.S.C. § 1132(a)][5], provide as follows:

A civil action may be brought –

(1) by a participant or beneficiary –

    (A) for the relief provided in subsection (c) of this section[6], or

    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under section 1109 of this title;

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a).

As aptly noted by the defendants, section 1132(a)(2) allows a suit for a breach of fiduciary duty brought on behalf of the plan, and not in an individual capacity. 29 U.S.C. § 1132(a)(2); *see LaRue v. DeWolff, Boberg & Assoc.*, 552 U.S. 256 (2008); *see also Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 338 (4th Cir.

---

[5] The undersigned will cite to the section 1132(a) provisions herein (rather than referring to it as "Section 502").
[6] Subsection (c) is the penalty provision discussed above and will not be requoted herein.

2007); *David v. Alphin*, 704 F.3d 327, 332 (4th Cir. 2013) (section 1132(a)(2) does not allow a plaintiff to recover "personal damages for misconduct."). (ECF No. 10 at 4).

Furthermore, under section 1132(a)(3), a participant, beneficiary, or fiduciary may bring an action for breach of fiduciary duty "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations, or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3); *see Griggs v. E.I, DuPont de Nemours & Co.*, 237 F.3d 371, 384 (4th Cir. 2001) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 407 (1996)). "By this provision, Congress provided individual beneficiaries with an avenue to seek equitable relief for a breach of fiduciary duty under ERISA." *Id.* (ECF No. 10 at 4-5).

As further noted by the defendants, the Fourth Circuit has specified that section 1132(a)(3) is not an avenue for supplemental relief but, rather, serves as a "safety net" for injuries that are not otherwise remedied under other sections of section 1132(a). *See Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 106 (4th Cir. 2006). (*Id.* at 4). Thus, the relief provided for in sections 1132(a)(2) and (3) is "not 'appropriate' . . . 'where Congress elsewhere provided adequate relief for a beneficiary's injury' and there is 'no need for further equitable relief.'" *Griggs*, 237 F.3d at 384 (quoting *Varity*, 516 U.S. at 515).

The plaintiff herein does not seek any equitable relief, which generally includes "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993). Nor does he seek any relief on behalf of the plan itself, or other participants or beneficiaries. Rather, he only seeks payment of the monetary

penalties set forth in section 1132(c)(1) for his own alleged injury due to the failure to timely receive the documents he requested.

Congress specifically provided an appropriate and exclusive remedy for the plaintiff's claim in the penalty provision set forth in section 1132(c). Another member of this court addressed this very issue in *Murphy v. Int'l Painters & Allied Trades Indus. Pension Fund*, No. 3:13-cv-28760, 2015 WL 13746658 (S.D. W. Va. Apr. 6, 2015) (*Proposed Findings and Recommendation, adopted in* 2015 WL 5722809 (S.D. W. Va. Sept. 29, 2015)). There, the court found:

> With regard to Plaintiff's failure to produce documents claim, Congress has specifically authorized penalties against plan administrators for failure to produce certain documents upon a plaintiff's request. 29 U.S.C. § 1024(b); 29 U.S.C. § 1132(c)(1). Thus, supplementary forms of equitable relief are not "appropriate" under § 1132(a)(3). *See Griggs*, 237 F.3d at 384; *Piner v. E.I. DuPont de Nemours & Co.*, 238 F.3d 414, 2000 WL 1699837, at *4 (4th Cir. Nov. 14, 2000) (unpublished table decision) (recognizing that § 1132(c)(1) is "exclusive remedy for an administrator's failure or refusal to comply with" document requests); *Wallace v. Freight Drivers & Helpers Local Union No. 557 Pension Fund*, No. 1:11-cv-02062-JKB, 2012 WL 1327921, at *7 (D. Md. Apr. 16, 2012) (recognizing that § 1132(c)(1) provides "adequate" and "specifically tailored" remedy for plan administrator's failure to produce documents upon request); *Schlenger v. Fidelity Employer Servs. Co., LLC*, 785 F. Supp.2d 317, 337 (S.D.N.Y. 2011) (finding that additional equitable relief requested for failure to produce documents was not "appropriate" given that Congress provided participants with remedy under § 1132(c)(1); *Harju v. Olsen*, 709 F. Supp.2d 699, 724 (D. Minn. 2010) ("Defendants are entitled to summary judgment on plaintiffs' claim for breach of fiduciary duty for failure to produce plan documents because ERISA elsewhere provides adequate relief for the injuries related to those actions.") Moreover, within the Fourth Circuit, there is "no general fiduciary obligation under ERISA to provide information to the plan on request," outside of that contained in § 1024(b)(4). *Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 657-58 (4th Cir. 1996).

*Id.* at *18. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the exclusive remedy under ERISA for the claim asserted in the plaintiff's Complaint is the penalty provision contained in 29 U.S.C. §§ 1132(a)(1)(A) and (c)(1), and not a claim

10

for breach of fiduciary duty under either section 1132(a)(2) or (3). Thus, the plaintiff's argument for application of W. Va. Code § 55-2-6 pertaining to claims for a breach of fiduciary duty is inapplicable and meritless in this case.

The Fourth Circuit and judges of this United States District Court have applied the one-year statute of limitations under W. Va. Code § 55-2-12(c) to claims for civil penalties under 29 U.S.C. §§ 1132(a)(1)(A) and (c), and this court should do the same. Likewise, as correctly asserted by the defendants, the plaintiff's continuing violation theory lacks merit and does not alter the running of the one-year statute of limitations from the expiration of the 30-day response period. Thus, the statute of limitations expired on or about June 2, 2014. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint for civil monetary penalties under 29 U.S.C. §§ 1132(a)(1)(A) and (c), filed on August 30, 2018, is time-barred and must be dismissed with prejudice.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motion to Dismiss (ECF No. 7) and dismiss this civil action from the docket of the court with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (for mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of

such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

June 10, 2019

Dwane L. Tinsley
United States Magistrate Judge