IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DENNIS P. BRADY,

        Plaintiff,

v.                               CIVIL ACTION NO. 2:18-cv-01268

THE DOW CHEMICAL COMPANY
RETIREMENT BOARD, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before this Court is a motion to dismiss filed by Defendants The Dow Chemical Company Retirement Board and Union Carbide Employees' Pension Plan (collectively, "Defendants"). (ECF No. 7.) By standing order entered on January 14, 2016, and filed in this case on August 30, 2018, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 4.) Magistrate Judge Tinsley entered his PF&R on June 10, 2019, recommending that this Court grant Defendants' motion and dismiss this action. (ECF No. 13.)

For the reasons explained more fully herein, this Court **OVERRULES** the objections filed by Plaintiff Dennis P. Brady ("Plaintiff"), (ECF No. 14), and **ADOPTS** the PF&R, (ECF No. 13). Defendants' motion to dismiss, (ECF No. 7), is **GRANTED**.

1

## I. BACKGROUND

Plaintiff brings this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* (ECF No. 1.) He alleges that he is a participant in the Plan and that on May 3, 2013, he requested certain documents from the Plan but never received them. (*Id.* at 2.) He further alleges that he made a second request for the same documents on August 24, 2017, and received them on September 2, 2017. (*Id.* at 3–4.) He makes a single claim for statutory penalties of $110 per day for each of the 1,550 days between the deadline for responding to his May 3, 2013 request and his September 2, 2017 receipt of the requested documents, for a total of $170,500. (*Id.* at 4–5.) Defendant moved to dismiss the action as time-barred. (ECF No. 7.)

Magistrate Judge Tinsley filed his PF&R on June 10, 2019. (ECF No. 13.) Plaintiff filed timely objections on June 27, 2019. (ECF No. 14.) Defendants filed a timely response to Plaintiff's objections on July 11, 2019. (ECF No. 15.) As such, this matter is fully briefed and ripe for adjudication.

## II. LEGAL STANDARDS

### A. Review of PF&R

Upon receipt of a PF&R, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court "make[s] a de novo determination of those portions of the [PF&R] to which objection is made." *Id.*; *see Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). However, this Court is not required to review, "under a *de novo* or any other standard," the factual or legal conclusions of the magistrate judge "when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo*

review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the [PF&R]." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

    B.  *Motion to Dismiss*

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its

3

judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### III. ANALYSIS

#### A. Applicable Limitations Period

Plaintiff argues that the PF&R incorrectly concludes that West Virginia's one-year "catchall" limitations period applies to his claims. (*See* ECF No. 14 at 6.) He asserts that the ten-year limitations period applicable to claims for breach of fiduciary duty governs this action. (*Id.*) The PF&R explains that state-law statutes of limitation for civil penalties or forfeiture are generally applied to ERISA claims for statutory penalties. (ECF No. 13 at 4 (citing *Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 337 (4th Cir. 2009)).) The PF&R further explains that West Virginia does not have a statutory limitations period for civil penalties or forfeiture, so West Virginia courts apply the general "catchall" statute of limitation, West Virginia Code § 55-2-12(c), to claims for statutory penalties. (*Id.* (citing *State* ex rel. *Sabatino v. Richards*, 34 S.E.2d 271, 272 (W. Va. 1945)).) Plaintiff does not appear to dispute that this is generally true; rather, he argues that "considering the numerous facts" in this case, West Virginia Code § 55-2-6, which governs claims for breach of fiduciary duty, applies here. (ECF No. 14 at 6.)

"When ERISA does not prescribe a statute of limitations, courts apply the most analogous state-law statute of limitations." *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 368 (4th Cir. 2015). Essentially, Plaintiff contends that the limitations period for claims for breach of fiduciary duty is "most analogous" to the claims in his complaint. (*See* ECF No. 14 at 6.) However, as the PF&R

4

explains, ERISA's civil enforcement provisions include causes of action for breach of fiduciary duty, *see* 29 U.S.C. § 1132(a)(2); *id.* § 1132(a)(3), and the claims in Plaintiff's complaint do not stem from either subsection. (ECF No. 13 at 8–10; *see* ECF No. 1 at 5.) Plaintiff clearly brings his claims pursuant to § 1132(c)(1)—he names that very subsection in his complaint. (ECF No. 1 at 5.) Moreover, ERISA provides a limitations period for actions for breach of fiduciary duty, 29 U.S.C. § 1113, eliminating the need to ascertain the "most analogous" state-law statute of limitation. Plaintiff does not assert that § 1113 applies to his claims, presumably because he does not allege a breach of fiduciary duty.

The Fourth Circuit has concluded that a claim "for the relief provided for in [§ 1132(c)(1)]," 29 U.S.C. § 1132(a)(1), "most closely correspond[s] to" a state-law claim for statutory penalties or forfeiture. *Pressley*, 553 F.3d at 338–39. That the Fifth Circuit in an unpublished opinion has applied a state-law limitations period for claims for breach of fiduciary duty to § 1132(c)(1) claims, *see Hatteberg v. Red Adair Co. Employees' Profit Sharing Plan & Related Trust*, 79 F. App'x 709, 715 (5th Cir. 2003) (per curiam), is meaningless because published Fourth Circuit decisions are binding on this Court, *see United States v. Stephens*, 764 F.3d 327, 342 (4th Cir. 2014). Because West Virginia does not have a specific limitations period governing statutory penalties or forfeiture, its courts apply the one-year "catchall" period to such claims. *State* ex rel. *Smith v. Kermit Lumber & Pressure Treating Co.*, 488 S.E.2d 901, 913 n.15 (W. Va. 1997) ("[T]he one-year statute of limitations found in [West Virginia Code § 55-2-12(c)] applies to a suit brought for purposes of imposing a civil penalty."). Accordingly, the one-year period in West Virginia Code § 55-2-12(c), not the ten-year period in West Virginia Code § 55-2-6, applies to the claims in Plaintiff's complaint. His objections to the contrary are **OVERRULED**.

5

### B. Tolling Principles

Plaintiff further objects that the PF&R failed to consider the five-step tolling analysis in *Dunn v. Rockwell*, 689 S.E.2d 255 (W. Va. 2009). (ECF No. 14 at 8–13.) In *Dunn*, the West Virginia Supreme Court of Appeals developed a five-step inquiry for courts to use in order to determine whether the "discovery rule" tolls the limitations period generally applicable to a cause of action. 689 S.E.2d at 264 ("To bring analytical clarity to the resolution of statute of limitation questions, we believe that courts should employ a step-by-step process that synthesizes the competing discovery doctrines."). Defendants argue that the federal discovery rule, not the West Virginia discovery rule, applies to Plaintiff's ERISA claims. (ECF No. 15 at 3.)

This Court agrees with Defendants. When a statute of limitation "is borrowed from state law because Congress did not set a tolling period for such actions . . . the state law concerning time of accrual is in no sense loaned to the body of federal . . . law along with the tolling period." *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975); *see West v. Conrail*, 481 U.S. 35, 39 (1987) ("[W]hen it is necessary for us to borrow a statute of limitations for a federal cause of action, we borrow no more than necessary."). Because federal law provides a discovery rule, there is no need to "borrow" West Virginia's.[1] However, other state-law equitable tolling principles may apply. *Shofer v. Hack Co.*, 970 F.2d 1316, 1320 (4th Cir. 1992).

"Under federal law a cause of action accrues when the plaintiff possesses significant facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (quoting *Nasim v. Warden, Md. House of*

---

[1] This Court notes that the West Virginia discovery rule set out in *Dunn* is substantively identical to the federal rule. *See* Syl. Pt. 5, in part, 689 S.E.2d 255 (explaining that "the statute of limitation began to run . . . when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action").

*Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc)).  Plaintiff never asserts that he was unaware at any point that he did not timely receive the documents he requested on May 3, 2013.

However, he argues that Defendants committed a "continuous tort" each day they failed to respond to his request for documents.  (ECF No. 14 at 10–11.)  The language of 29 U.S.C. § 1132(c)(1), under which Plaintiff brings his claims, belies this argument because the statute provides that the requested information must be supplied "within 30 days after [the] request." Therefore, a § 1132(c)(1) claim accrues at the end of this period, not when the request is complied with.  *See Underwood v. Fluor Daniel, Inc.*, 106 F.3d 394 (4th Cir. 1996) (table), 1997 WL 33123, at *5 (holding that plaintiff's § 1132(c)(1) "claim accrued, at the latest, when she discovered—or reasonably should have discovered—that she was entitled by law to receive individual notice of her rights"); *see also Shafer*, 970 F.2d at 1319–20 (holding that plaintiff's ERISA claim accrued "when [plaintiff] learned of the alleged wrongful advice" that was subject of claim).  Any other interpretation encourages potential plaintiffs to wait as long as possible to file suit, which is contrary to the general legal principles underlying statutes of limitation.  *See Delebreau v. Bayview Loan Servicing, LLC*, 680 F.3d 412, 415 (4th Cir. 2012) ("[T]he ultimate purpose of a statute of limitations is to ensure that causes of action be brought within a reasonable period of time." (citing *Perdue v. Hess*, 484 S.E.2d 182, 186 (W. Va. 1997))).  A failure to respond to a request for documents in violation of 29 U.S.C. § 1132(c)(1) thus does not represent a "continuous tort."  *See Bond v. Marriott Int'l, Inc.*, 637 F. App'x 726, 732 (4th Cir. 2016) (suggesting that accrual of ERISA cause of action "anchors the limitations period to a plaintiff's reasonable discovery of actionable harm" (quoting *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 522 (3d Cir. 2007)).  Plaintiff's objections on that basis are **OVERRULED**.

Plaintiff also claims that Defendants "misled" him by not disclosing that he had only one year to file an enforcement action related to his request. (ECF No. 14 at 6–7, 12–13.) He argues that Defendants "bear some responsibility and a duty regarding providing participants or beneficiaries with information regarding time periods within which to file an action in order for the action to not be time-barred" and that they "had a duty to provide and disclose critical facts regarding timing limitations information for filing this action, and . . . failed to do so." (*Id.* at 7, 13.) However, he does not elaborate on the source of such a "duty." ERISA's statutes and regulations do not appear to impose such an obligation on Defendants, and Plaintiff does not argue that the plan's terms do, either. Plaintiff's mere ignorance of the existence or operation of the applicable limitations period does not entitle him to equitable tolling under federal law or under West Virginia law. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *Merrill v. W. Va. Dep't of Health and Human Res.*, 632 S.E.2d 307, 313–14 (W. Va. 2006). His objections are **OVERRULED**.

In sum, because Plaintiff did not file his action within the one-year limitations period, it is untimely.

### IV. CONCLUSION

For the foregoing reasons, this Court **OVERRULES** Plaintiff's objections, (ECF No. 14), and **ADOPTS** the PF&R, (ECF No. 13). Defendants' motion to dismiss, (ECF No. 7), is **GRANTED**, and this action is **DISMISSED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 31, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE